Maggie Mais, CA SBN 320665
Cathie Childs, CA SBN 150729
*Attorneys for Plaintiff*
Yurok Tribe
Office of Tribal Attorney
190 Klamath Blvd.
Klamath, CA 95548
Tel: (855) 559-8765
Fax: (707) 482-1377

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## EUREKA DIVISION

| | |
|---|---|
| **YUROK TRIBE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CITY OF TRINIDAD, CHERYL KELLY, BRYCE KENNY, DOES 1-20**<br><br>**Defendants** | **Civ. No.: 1:26-cv-05240-RMI**<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |

**Date:** August 25, 2026
**Time:** 11:00 a.m.
**Place:** Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

TO THE HONORABLE COURT:

Plaintiff, by and through its attorneys of record, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201(b), as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, of the following facts:

1.     The Hoopa-Yurok Settlement Act of 1988, Pub. L. No. 100-580, 102 Stat. 2924 (1988) and codified at 25 U.S.C. §§1300i-1300i-11, a true and correct copy of which is attached hereto as Exhibit 1;

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE - 1

2. 25 U.S.C. § 1300i-5(d)(1) and (3), which provide in pertinent part as follows:

**Sec. 6.  Election of Settlement Options**
\* \* \*

**(d)  Lump Sum Payment Option** – (1) Any person on the Settlement Roll may elect to receive a lump sum payment from the Settlement Fund and the Secretary shall pay each such person the amount of $15,000 out of the Settlement Fund: *Provided*, That such individual completes a sworn affidavit certifying that he or she has been afforded the opportunity to participate in counseling which the Secretary, in consultation with the Hoopa Tribal Council or Yurok Transition Team, shall provide.  Such counseling shall provide a comprehensive explanation of the effects of such election on the individual making such election, and on then tribal enrollment rights of that persons children and descendants+ who would otherwise be eligible for membership in either the Hoopa or Yurok Tribe
\* \* \*

(3) Any person making an election to receive, and having received, a lump sum payment under this subsection shall not thereafter have any interest or right whatsoever in the *tribal, communal*, or unallotted land, *property, resources, or rights within*, or appertaining to, the Hoopa Valley Reservation, the Hoopa Valley Tribe, the Yurok Reservation, or *the Yurok Tribe* or, except authorized by paragraph (1), in the Settlement Fund. (*emphasis added*).

3. 25 U.S.C. 1300i-8, which provides in pertinent part:

**Sec. 9. Recognition and Organization of the Yurok Tribe.**
(a)      Yurok Tribe – (1) Those persons on the Settlement Roll who made a valid election pursuant to subsection (c) of section 6 shall constitute the base membership roll for the Yurok Tribe  whose status as an Indian tribe, subject to the adoption of the Interim Council resolution as required by subsection (d)(2), is hereby ratified and confirmed.

4. 25 U.S.C. 1300i-10, which provides in pertinent part:

**Sec. 11. Special Considerations.**
\* \* \*

(b)      Rancheria Merger With Yurok Tribe. – If a majority of the adult members of any of the following Rancherias at Resighini, Trinidad, or Big Lagoon, vote to merge with the Yurok Tribe in an election which shall be conducted by the Secretary within ninety days after the date of enactment of this Act, the tribes and reservations of those rancherias so voting shall be extinguished and the lands and members of such reservations shall be part of the Yurok Reservation with unallotted trust land therein held in trust by the United States for the Yurok Tribe.

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE - 2

*Provided however,* That the existing governing documents and the elected governing bodies of the rancherias voting to merge shall continue in effect until

the election of the Interim Council pursuant to section 9. The Secretary shall publish in the Federal Register a notice of the effective date of the merger.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully submits that this Court should take judicial notice of the Hoopa-Yurok Settlement Act of 1988, Pub. L. 100-580, 102 Stat. 2924, codified at 25 U.S.C. §§1300i through 1300i-11, and attached as Exhibit 1 hereto.

DATED: _14. July .26_

Respectfully Submitted,

By: _____
Maggie Mais, CA SBN 320665
Cathie Childs, CA SBN 150729
*Attorneys for Plaintiff*
Yurok Tribe
Office of the Tribal Attorney
190 Klamath Blvd.
Klamath, CA 95548
(855) 559-8765

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE - 3

# EXHIBIT 1

Hoopa-Yurok Settlement Act of 1988

Pub. L. No 100-580, 102 Stat. 2924 (1988)

25 U.S.C. §1300i

102 STAT. 2924         PUBLIC LAW 100–580—OCT. 31, 1988

Public Law 100–580
100th Congress

## An Act

Oct. 31, 1988
[S. 2723]

To partition certain reservation lands between the Hoopa Valley Tribe and the Yurok Indians, to clarify the use of tribal timber proceeds, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Hoopa-Yurok
Settlement Act.
25 USC 1300i.

SECTION 1. SHORT TITLE AND DEFINITIONS.

(a) SHORT TITLE.—This Act may be cited as the "Hoopa-Yurok Settlement Act".

(b) DEFINITIONS.—For the purposes of this Act, the term—

(1) "Escrow funds" means the moneys derived from the joint reservation which are held in trust by the Secretary in the accounts entitled—

(A) "Proceeds of Labor-Hoopa Valley Indians-California 70 percent Fund, account number J52–561–7197";

(B) "Proceeds of Labor-Hoopa Valley Indians-California 30 percent Fund, account number J52–561–7236";

(C) "Proceeds of Klamath River Reservation, California, account number J52–562–7056";

(D) "Proceeds of Labor-Yurok Indians of Lower Klamath River, California, account number J52–562–7153";

(E) "Proceeds of Labor-Yurok Indians of Upper Klamath River, California, account number J52–562–7154";

(F) "Proceeds of Labor-Hoopa Reservation for Hoopa Valley and Yurok Tribes, account number J52–575–7256"; and

(G) "Klamath River Fisheries, account number 5628000001";

(2) "Hoopa Indian blood" means that degree of ancestry derived from an Indian of the Hunstang, Hupa, Miskut, Redwood, Saiaz, Sermalton, Tish-Tang-Atan, South Fork, or Grouse Creek Bands of Indians;

(3) "Hoopa Valley Reservation" means the reservation described in section 2(b) of this Act;

(4) "Hoopa Valley Tribe" means the Hoopa Valley Tribe, organized under the constitution and amendments approved by the Secretary on November 20, 1933, September 4, 1952, August 9, 1963, and August 18, 1972;

(5) "Indian of the Reservation" shall mean any person who meets the criteria to qualify as an Indian of the Reservation as established by the United States Court of Claims in its March 31, 1982, May 17, 1987, and March 1, 1988, decisions in the case of Jesse Short et al. v. United States, (Cl. Ct. No. 102–63);

(6) "Joint reservation" means the area of land defined as the Hoopa Valley Reservation in section 2(b) and the Yurok Reservation in section 2(c) of this Act.

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

PUBLIC LAW 100–580—OCT. 31, 1988        102 STAT. 2925

(7) "Karuk Tribe" means the Karuk Tribe of California, organized under its constitution on April 6, 1985;

(8) "Secretary" means the Secretary of the Interior;

(9) "Settlement Fund" means the Hoopa-Yurok Settlement Fund established pursuant to section 4;

(10) "Settlement Roll" means the final roll prepared and published in the Federal Register by the Secretary pursuant to section 5;

(11) "Short cases" means the cases entitled Jesse Short et al. v. United States, (Cl. Ct. No. 102–63); Charlene Ackley v. United States, (Cl. Ct. No. 460–78); Bret Aanstadt v. United States, (Cl. Ct. No. 146–85L); and Norman Giffen v. United States, (Cl. Ct. No. 746–85L);

(12) "Short plaintiffs" means named plaintiffs in the Short cases;

(13) "trust land" means an interest in land the title to which is held in trust by the United States for an Indian or Indian tribe, or by an Indian or Indian tribe subject to a restriction by the United States against alienation;

(14) "unallotted trust land, property, resources or rights" means those lands, property, resources, or rights reserved for Indian purposes which have not been allotted to individuals under an allotment Act;

(15) "Yurok Reservation" means the reservation described in section 2(c) of this Act; and

(16) "Yurok Tribe" means the Indian tribe which is recognized and authorized to be organized pursuant to section 9 of this Act.

## SEC. 2. RESERVATIONS; PARTITION AND ADDITIONS.

25 USC 1300i–1.

(a) PARTITION OF THE JOINT RESERVATION.—(1) Effective with the publication in the Federal Register of the Hoopa tribal resolution as provided in paragraph (2), the joint reservation shall be partitioned as provided in subsections (b) and (c).

(2)(A) The partition of the joint reservation as provided in this subsection, and the ratification and confirmation as provided by section 8, shall not become effective unless, within 60 days after the date of the enactment of this Act, the Hoopa Valley Tribe shall adopt, and transmit to the Secretary, a tribal resolution:

(i) waiving any claim such tribe may have against the United States arising out of the provisions of this Act, and

(ii) affirming tribal consent to the contribution of Hoopa Escrow monies to the Settlement Fund, and for their use as payments to the Yurok Tribe, and to individual Yuroks, as provided in this Act.

(B) The Secretary, after determining the validity of the resolution transmitted pursuant to subparagraph (A), shall cause such resolution to be printed in the Federal Register.

Federal Register, publication.

(b) HOOPA VALLEY RESERVATION.—Effective with the partition of the joint reservation as provided in subsection (a), the area of land known as the "square" (defined as the Hoopa Valley Reservation established under section 2 of the Act of April 8, 1864 (13 Stat. 40), the Executive Order of June 23, 1876, and Executive Order 1480 of February 17, 1912) shall thereafter be recognized and established as the Hoopa Valley Reservation. The unallotted trust land and assets of the Hoopa Valley Reservation shall thereafter be held in trust by the United States for the benefit of the Hoopa Valley Tribe.

102 STAT. 2926        PUBLIC LAW 100-580—OCT. 31, 1988

(c) YUROK RESERVATION.—(1) Effective with the partition of the joint reservation as provided in subsection (a), the area of land known as the "extension" (defined as the reservation extension under the Executive Order of October 16, 1891, but excluding the Resighini Rancheria) shall thereafter be recognized and established as the Yurok Reservation. The unallotted trust land and assets of the Yurok Reservation shall thereafter be held in trust by the United States for the benefit of the Yurok Tribe.

National Forest System.

(2) Subject to all valid existing rights and subject to the adoption of a resolution of the Interim Council of the Yurok Tribe as provided in section 9(d)(2), all right, title, and interest of the United States—

(A) to all national forest system lands within the Yurok Reservation, and

(B) to that portion of the Yurok Experimental Forest described as Township 14 N., Range 1 E., Section 28, Lot 6: that portion of Lot 6 east of U.S. Highway 101 and west of the Yurok Experimental Forest, comprising 14 acres more or less and including all permanent structures thereon, shall thereafter be held in trust by the United States for the benefit of the Yurok Tribe and shall be part of the Yurok Reservation.

(3)(A) Pursuant to the authority of sections 5 and 7 of the Indian Reorganization Act of June 18, 1934 (25 U.S.C. 465, 467), the Secretary may acquire from willing sellers lands or interests in land, including rights-of-way for access to trust lands, for the Yurok Tribe or its members, and such lands may be declared to be part of the Yurok Reservation.

(B) From amounts authorized to be appropriated by the Act of November 2, 1921 (42 Stat. 208; 25 U.S.C. 13), the Secretary shall use not less than $5,000,000 for the purpose of acquiring lands or interests in lands pursuant to subparagraph (A). No lands or interests in lands may be acquired outside the Yurok Reservation with such funds except lands adjacent to and contiguous with the Yurok Reservation or for purposes of exchange for lands within the reservation.

(4) The—

(A) apportionment of funds to the Yurok Tribe as provided in sections 4 and 7;

(B) the land transfers pursuant to paragraph (2);

(C) the land acquisition authorities in paragraph (3); and

(D) the organizational authorities of section 9 shall not be effective unless and until the Interim Council of the Yurok Tribe has adopted a resolution waiving any claim such tribe may have against the United States arising out of the provisions of this Act.

(d) BOUNDARY CLARIFICATIONS OR CORRECTIONS.—(1) The boundary between the Hoopa Valley Reservation and the Yurok Reservation,

after the partition of the joint reservation as provided in this section, shall be the line established by the Bissel-Smith survey.

(2) Upon the partition of the joint reservation as provided in this section, the Secretary shall publish a description of the boundaries of the Hoopa Valley Reservation and Yurok Reservation in the Federal Register.

*Federal Register, publication.*

(e) MANAGEMENT OF THE YUROK RESERVATION.—The Secretary shall be responsible for the management of the unallotted trust land and assets of the Yurok Reservation until such time as the Yurok Tribe has been organized pursuant to section 9. Thereafter, those lands and assets shall be administered as tribal trust land and the Yurok reservation governed by the Yurok Tribe as other reservations are governed by the tribes of those reservations.

(f) CRIMINAL AND CIVIL JURISDICTION.—The Hoopa Valley Reservation and Yurok Reservation shall be subject to section 1360 of title 28, United States Code; section 1162 of title 18, United States Code, and section 403(a) of the Act of April 11, 1968 (82 Stat. 79; 25 U.S.C. 1323(a)).

### SEC. 3. PRESERVATION OF SHORT CASES.

25 USC 1300i-2.

Nothing in this Act shall affect, in any manner, the entitlement established under decisions of the United States Claims Court in the Short cases or any final judgment which may be rendered in those cases.

### SEC. 4. HOOPA-YUROK SETTLEMENT FUND.

25 USC 1300i-3.

(a) ESTABLISHMENT.—(1) There is hereby established the Hoopa-Yurok Settlement Fund. Upon enactment of this Act, the Secretary shall cause all the funds in the escrow funds, together with all accrued income thereon, to be deposited into the Settlement Fund.

(2) Until the distribution is made to the Hoopa Valley Tribe pursuant to section (c), the Secretary may distribute to the Hoopa Valley Tribe, pursuant to the provision of title I of the Department of the Interior and related Agencies Appropriations Act, 1985, under the heading "Bureau of Indian Affairs" and subheading "Tribal Trust Funds" at 98 Stat. 1849 (25 U.S.C. 123c), not to exceed $3,500,000 each fiscal year out of the income or principal of the Settlement Fund for tribal, non per capita purposes: *Provided, however,* That the Settlement Fund apportioned under subsections (c) and (d) shall be calculated without regard to this subparagraph, but any amounts distributed under this subparagraph shall be deducted from the payment to the Hoopa Valley Tribe pursuant to subsection (c).

(3) Until the distribution is made to the Yurok Tribe pursuant to section (d), the Secretary may, in addition to providing Federal funding, distribute to the Yurok Transition Team, pursuant to provision of title I of the Department of the Interior and Related Agencies Appropriations Act, 1985, under the heading "Bureau of Indian Affairs" and subheading "Tribal Trust Funds" at 98 Stat. 1849 (25 U.S.C. 123c), not to exceed $500,000 each fiscal year out of the income and principal of the Settlement Fund for tribal, non per capita purposes: *Provided, however,* That the Settlement Fund apportioned under subsections (c) and (d) shall be calculated without regard to this subparagraph, but any amounts distributed under this subparagraph shall be deducted from the payment to the Yurok Tribe pursuant to subsection (d).

102 STAT. 2928          PUBLIC LAW 100–580—OCT. 31, 1988

(b) DISTRIBUTION; INVESTMENT.—The Secretary shall make distribution from the Settlement Fund as provided in this Act and, pending payments under section 6 and dissolution of the fund as provided in section 7, shall invest and administer such fund as Indian trust funds pursuant to the first section of the Act of June 24, 1938 (52 Stat. 1037; 25 U.S.C. 162a).

(c) HOOPA VALLEY TRIBE PORTION.—Effective with the publication of the option election date pursuant to section 6(a)(4), the Secretary shall immediately pay out of the Settlement Fund into a trust account for the benefit of the Hoopa Valley Tribe a percentage of the Settlement Fund which shall be determined by dividing the number of enrolled members of the Hoopa Valley Tribe as of the date of the promulgation of the Settlement Roll, including any persons enrolled pursuant to section 6, by the sum of the number of such enrolled Hoopa Valley tribal members and the number of persons on the Settlement Roll.

(d) YUROK TRIBE PORTION.—Effective with the publication of the option election date pursuant to section 6(a)(4), the Secretary shall pay out of the Settlement Fund into a trust account for the benefit of the Yurok Tribe a percentage of the Settlement Fund which shall be determined by dividing the number of persons on the Settlement Roll electing the Yurok Tribal Membership Option pursuant to section 6(c) by the sum of the number of the enrolled Hoopa Valley tribal members established pursuant to subsection (c) and the number of persons on the Settlement Roll, less any amount paid out of the Settlement Fund pursuant to section 6(c)(3).

Appropriation authorization.

(e) FEDERAL SHARE.—There is hereby authorized to be appropriated the sum of $10,000,000 which shall be deposited into the Settlement Fund after the payments are made pursuant to subsections (c) and (d) and section 6(c). The Settlement Fund, including the amount deposited pursuant to this subsection and all income earned subsequent to the payments made pursuant to subsections (c) and (d) and section 6(c), shall be available to make the payments authorized by section 6(d).

25 USC 1300i-4.

### SEC. 5. HOOPA-YUROK SETTLEMENT ROLL.

(a) PREPARATION; ELIGIBILITY CRITERIA.—(1) The Secretary shall prepare a roll of all persons who can meet the criteria for eligibility as an Indian of the Reservation and—

(A) who were born on or prior to, and living upon, the date of enactment of this Act;

(B) who are citizens of the United States; and

(C) who were not, on August 8, 1988, enrolled members of the Hoopa Valley Tribe.

(2) The Secretary's determination of eligibility under this subsection shall be final except that any Short plaintiff determined by the United States Claims Court to be an Indian of the Reservation shall be included on the Settlement Roll if they meet the other requirements of this subsection and any Short plaintiff determined by the United States Claims Court not to be an Indian of the Reservation shall not be eligible for inclusion on such roll.

(b) RIGHT TO APPLY; NOTICE.—Within thirty days after the date of enactment of this Act, the Secretary shall give such notice of the right to apply for enrollment as provided in subsection (a) as he deems reasonable except that such notice shall include, but shall not be limited to—

PUBLIC LAW 100–580—OCT. 31, 1988        102 STAT. 2929

(1) actual notice by registered mail to every plaintiff in the Short cases at their last known address;

(2) notice to the attorneys for such plaintiffs; and

(3) publication in newspapers of general circulation in the vicinity of the Hoopa Valley Reservation and elsewhere in the State of California.

Contemporaneous with providing the notice required by this subsection, the Secretary shall publish such notice in the Federal Register.

*Federal Register, publication.*

(c) APPLICATION DEADLINE.—The deadline for application pursuant to this section shall be established at one hundred and twenty days after the publication of the notice by the Secretary in the Federal Register as required by subsection (b).

(d) ELIGIBILITY DETERMINATION; FINAL ROLL.—(1) The Secretary shall make determinations of eligibility of applicants under this section and publish in the Federal Register the final Settlement Roll of such persons one hundred and eighty days after the date established pursuant to subsection (c).

*Federal Register, publication.*

(2) The Secretary shall develop such procedures and times as may be necessary for the consideration of appeals from applicants not included on the roll published pursuant to paragraph (1). Successful appellants shall be added to the Settlement Roll and shall be afforded the right to elect options as provided in section 6, with any payments to be made to such successful appellants out of the remainder of the Settlement Fund after payments have been made pursuant to section 6(d) and prior to division pursuant to section 7.

(3) Persons added to the Settlement Roll pursuant to appeals under this subsection shall not be considered in the calculations made pursuant to section 4.

(e) EFFECT OF EXCLUSION FROM ROLL.—No person whose name is not included on the Settlement Roll shall have any interest in the tribal, communal, or unallotted land, property, resources, or rights within, or appertaining to, the Hoopa Valley Tribe, the Hoopa Valley Reservation, the Yurok Tribe, or the Yurok Reservation or in the Settlement Fund unless such person is subsequently enrolled in the Hoopa Valley Tribe or the Yurok Tribe under the membership criteria and ordinances of such tribes.

## SEC. 6. ELECTION OF SETTLEMENT OPTIONS.

*25 USC 1300i–5.*

(a) NOTICE OF SETTLEMENT OPTIONS.—(1) Within sixty days after the publication of the Settlement Roll as provided in section 5(d), the Secretary shall give notice by certified mail to each person eighteen years or older on such roll of their right to elect one of the settlement options provided in this section.

*Mail.*

(2) The notice shall be provided in easily understood language, but shall be as comprehensive as possible and shall provide an objective assessment of the advantages and disadvantages of each of the options offered. The notice shall also provide information about the counseling services which will be made available to inform individuals about the respective rights and benefits associated with each option presented under this section. It shall also clarify that on election the Lump Sum Payment option requires the completion of a sworn affidavit certifying that the individual has been provided with complete information about the effects of such an election.

(3) With respect to minors on the Settlement Roll the notice shall state that minors shall be deemed to have elected the option of section 6(c), except that if the parent or guardian furnishes proof satisfactory to the Secretary that a minor is an enrolled member of

*Children and youth.*

a tribe that prohibits members from enrolling in other tribes, the parent or guardian shall make the election for such minor. A minor subject to the provisions of section 6(c) shall, notwithstanding any other law, be deemed to be a child of a member of an Indian tribe regardless of the option elected pursuant to this Act by the minor's parent. With respect to minors on the Settlement Roll whose parent or guardian is not also on the roll, notice shall be given to the parent or guardian of such minor. The funds to which such minors are entitled shall be held in trust by the Secretary until the minor reaches age 18. The Secretary shall notify and provide payment to such person including all interest accrued.

(4)(A) The notice shall also establish the date by which time the election of an option under this section must be made. The Secretary shall establish that date as the date which is one hundred and twenty days after the date of the publication in the Federal Register as required by section 5(d).

(B) Any person on the Settlement Roll who has not made an election by the date established pursuant to subparagraph (A) shall be deemed to have elected the option provided in subsection (c).

(b) HOOPA TRIBAL MEMBERSHIP OPTION.—(1) Any person on the Settlement Roll, eighteen years or older, who can meet any of the enrollment criteria of the Hoopa Valley Tribe set out in the decision of the United States Court of Claims in its March 31, 1982, decision in the Short case (No. 102-63) as "Schedule A", "Schedule B", or "Schedule C" and who—

(A) maintained a residence on the Hoopa Valley Reservation on the date of enactment of this Act;

(B) had maintained a residence on the Hoopa Valley Reservation at any time within the five year period prior to the enactment of this Act; or

(C) owns an interest in real property on the Hoopa Valley Reservation on the date of enactment of this Act,

may elect to be, and, upon such election, shall be entitled to be, enrolled as a full member of the Hoopa Valley Tribe.

(2) Notwithstanding any provision of the constitution, ordinances or resolutions of the Hoopa Valley Tribe to the contrary, the Secretary shall cause any entitled person electing to be enrolled as a member of the Hoopa Valley Tribe to be so enrolled and such person shall thereafter be entitled to the same rights, benefits, and privileges as any other member of such tribe.

<div style="margin-left:2em">Claims.<br>Jesse Short.</div>

(3) The Secretary shall determine the quantum of "Indian blood" or "Hoopa Indian blood", if any, of each person enrolled in the Hoopa Valley Tribe under this subsection pursuant to the criteria established in the March 31, 1982, decision of the United States Court of Claims in the case of Jesse Short et al. v. United States, (Cl. Ct. No. 102-63).

(4) Any person making an election under this subsection shall no longer have any right or interest whatsoever in the tribal, communal, or unallotted land, property, resources, or rights within, or appertaining to, the Yurok Indian Reservation or the Yurok Tribe or in the Settlement Fund.

(c) YUROK TRIBAL MEMBERSHIP OPTION.—(1) Any person on the Settlement Roll may elect to become a member of the Yurok Tribe and shall be entitled to participate in the organization of such tribe as provided in section 9.

<div style="margin-left:2em">Claims.<br>Jesse Short.</div>

(2) All persons making an election under this subsection shall form the base roll of the Yurok Tribe for purposes of organization

pursuant to section 9 and the Secretary shall determine the quantum of "Indian blood" if any pursuant to the criteria established in the March 31, 1982, decision of the United States Court of Claims in the case of Jesse Short et al. v. United States, (Cl. Ct. No. 102–63).

(3) The Secretary, subject to the provisions of section 7 of the Act of October 19, 1973 (87 Stat. 466), as amended (25 U.S.C. 1407), shall pay to each person making an election under this subsection, $5,000 out of the Settlement Fund for those persons who are, on the date established pursuant to section 6(a)(4), below the age of 50 years, and $7,500 out of the Settlement Fund for those persons who are, on that date, age 50 or older.

(4) Any person making an election under this subsection shall no longer have any right or interest whatsoever in the tribal, communal, or unallotted land, property, resources, or rights within, or appertaining to, the Hoopa Valley Reservation or the Hoopa Valley Tribe or, except to the extent authorized by paragraph (3), in the Settlement Fund. Any such person shall also be deemed to have granted to members of the Interim Council established under section 9 an irrevocable proxy directing them to approve a proposed resolution waiving any claim the Yurok Tribe may have against the United States arising out of the provisions of this Act, and granting tribal consent as provided in section 9(d)(2).

(d) LUMP SUM PAYMENT OPTION.—(1) Any person on the Settlement Roll may elect to receive a lump sum payment from the Settlement Fund and the Secretary shall pay to each such person the amount of $15,000 out of the Settlement Fund: *Provided*, That such individual completes a sworn affidavit certifying that he or she has been afforded the opportunity to participate in counseling which the Secretary, in consultation with the Hoopa Tribal Council or Yurok Transition Team, shall provide. Such counseling shall provide a comprehensive explanation of the effects of such election on the individual making such election, and on the tribal enrollment rights of that persons children and descendants who would otherwise be eligible for membership in either the Hoopa or Yurok Tribe.

(2) The option to elect a lump sum payment under this section is provided solely as a mechanism to resolve the complex litigation and other special circumstances of the Hoopa Valley Reservation and the tribes of the reservation, and shall not be construed or treated as a precedent for any future legislation.

(3) Any person making an election to receive, and having received, a lump sum payment under this subsection shall not thereafter have any interest or right whatsoever in the tribal, communal, or unallotted land, property, resources, or rights within, or appertaining to, the Hoopa Valley Reservation, the Hoopa Valley Tribe, the Yurok Reservation, or the Yurok Tribe or, except authorized by paragraph (1), in the Settlement Fund.

**SEC. 7. DIVISION OF SETTLEMENT FUND REMAINDER.**

25 USC 1300i–6.

(a) Any funds remaining in the Settlement Fund after the payments authorized to be made therefrom by subsections (c) and (d) of section 6 and any payments made to successful appellants pursuant to section 5(d) shall be paid to the Yurok Tribe and shall be held by the Secretary in trust for such tribe.

(b) Funds divided pursuant to this section and any funds apportioned to the Hoopa Valley Tribe and the Yurok Tribe pursuant to subsections (c) and (d) of section 4 shall not be distributed per capita to any individual before the date which is 10 years after the date on

102 STAT. 2932        PUBLIC LAW 100-580—OCT. 31, 1988

which the division is made under this section: *Provided, however,* That if the Hoopa Valley Business Council shall decide to do so it may distribute from the funds apportioned to it a per capita payment of $5,000 per member, pursuant to the Act of August 2, 1983 (25 U.S.C. 117a et seq.).

25 USC 1300i-7.    **SEC. 8. HOOPA VALLEY TRIBE; CONFIRMATION OF STATUS.**

The existing govening documents of the Hoopa Valley Tribe and the governing body established and elected thereunder, as heretofore recognized by the Secretary, are hereby ratified and confirmed.

25 USC 1300i-8.    **SEC. 9. RECOGNITION AND ORGANIZATION OF THE YUROK TRIBE.**

(a) YUROK TRIBE.—(1) Those persons on the Settlement Roll who made a valid election pursuant to subsection (c) of section 6 shall constitute the base membership roll for the Yurok Tribe whose status as an Indian tribe, subject to the adoption of the Interim Council resolution as required by subsection (d)(2), is hereby ratified and confirmed.

(2) The Indian Reorganization Act of June 18, 1934 (48 Stat. 984; 25 U.S.C. 461 et seq.), as amended, is hereby made applicable to the Yurok Tribe and the tribe may organize under such Act as provided in this section.

(3) Within thirty days (30) after the enactment of this Act the Secretary, after consultation with the appropriate committees of Congress, shall appoint five (5) individuals who shall comprise the Yurok Transition Team which, pursuant to a budget approved by the Secretary, shall provide counseling, promote communication with potential members of the Yurok Tribe concerning the provisions of this Act, and shall study and investigate programs, resources, and facilities for consideration by the Interim Council. Any property acquired for or on behalf of the Yurok Transition Team shall be held in the name of the Yurok Tribe.

(b) INTERIM COUNCIL; ESTABLISHMENT.—There shall be established an Interim Council of the Yurok Tribe to be composed of five members. The Interim Council shall represent the Yurok Tribe in the implementation of provisions of this Act, including the organizational provisions of this section, and subject to subsection (d) shall be the governing body of the tribe until such time as a tribal council is elected under a constitution adopted pursuant to subsection (e).

(c) GENERAL COUNCIL; ELECTION OF INTERIM COUNCIL.—(1) Within 30 days after the date established pursuant to section 6(a)(4), the Secretary shall prepare a list of all persons eighteen years of age or older who have elected the Yurok Tribal Membership Option pursuant to section 6(c), which persons shall constitute the eligible voters of the Yurok Tribe for the purposes of this section, and shall provide written notice to such persons of the date, time, purpose, and order of procedure for the general council meeting to be scheduled pursuant to paragraph (2) for the consideration of the nomination of candidates for election to the Interim Council.

(2) Not earlier than 30 days before, nor later than 45 days after, the notice provided pursuant to paragraph (1), the Secretary shall convene a general council meeting of the eligible voters of the Yurok Tribe on or near the Yurok Reservation, to be conducted under such order of procedures as the Secretary determines appropriate, for the nomination of candidates for election of members of the Interim

Council. No person shall be eligible for nomination who is not on the list prepared pursuant to this section.

(3) Within 45 days after the general council meeting held pursuant to paragraph (2), the Secretary shall hold an election by secret ballot, with absentee balloting and write-in voting to be permitted, to elect the five members of the Interim Council from among the nominations submitted to him from such general council meeting. The Secretary shall assure that notice of the time and place of such election shall be provided to eligible voters at least fifteen days before such election.

(4) The Secretary shall certify the results of such election and, as soon as possible, convene an organizational meeting of the newly-elected members of the Interim Council and shall provide such advice and assistance as may be necessary for such organization.

(5) Vacancies on the Interim Council shall be filled by a vote of the remaining members.

(d) INTERIM COUNCIL; AUTHORITIES AND DISSOLUTION.—(1) The Interim Council shall have no powers other than those given to it by this Act.

(2) The Interim Council shall have full authority to adopt a resolution—

> (i) waiving any claim the Yurok Tribe may have against the United States arising out of the provision of this Act, and
>
> (ii) affirming tribal consent to the contribution of Yurok Escrow monies to the Settlement Fund, and for their use as payments to the Hoopa Tribe, and to individual Hoopa members, as provided in this Act, and
>
> (iii) to receive grants from, and enter into contracts for, Federal programs, including those administered by the Secretary and the Secretary of Health and Human Services, with respect to Federal services and benefits for the tribe and its members.

(3) The Interim Council shall have such other powers, authorities, functions, and responsibilities as the Secretary may recognize, except that any contract or legal obligation that would bind the Yurok Tribe for a period in excess of two years from the date of the certification of the election by the Secretary shall be subject to disapproval and cancellation by the Secretary if the Secretary determines that such a contract or legal obligation is unnecessary to improve housing conditions of members of the Yurok Tribe, or to obtain other rights, privileges or benefits that are in the long-term interest of the Yurok Tribe.

(4) The Interim Council shall appoint, as soon as practical, a drafting committee which shall be responsible, in consultation with the Interim Council, the Secretary and members of the tribe, for the preparation of a draft constitution for submission to the Secretary pursuant to subsection (e).

(5) The Interim Council shall be dissolved effective with the election and installation of the initial tribe governing body elected pursuant to the constitution adopted under subsection (e) or at the end of two years after such installation, whichever occurs first.

(e) ORGANIZATION OF YUROK TRIBE.—Upon written request of the Interim Council or the drafting committee and the submission of a draft constitution as provided in paragraph (4) of subsection (d), the Secretary shall conduct an election, pursuant to the provisions of the Indian Reorganization Act of June 18, 1934 (25 U.S.C. 461 et seq.) and rules and regulations promulgated thereunder, for the adoption

of such constitution and, working with the Interim Council, the election of the initial tribal governing body upon the adoption of such constitution.

25 USC 1300i-9.

## SEC. 10. ECONOMIC DEVELOPMENT.

(a) PLAN FOR ECONOMIC SELF-SUFFICIENCY.—The Secretary shall—

(1) enter into negotiations with the Yurok Transition Team and the Interim Council of the Yurok Tribe with respect to establishing a plan for economic development for the tribe; and

(2) in accordance with this section and not later than two years after the date of enactment of this Act, develop such a plan.

(3) upon the approval of such plan by the Interim Council or tribal governing body (and after consultation with the State and local officials pursuant to subsection (b) of this section), the Secretary shall submit such plan to the Congress.

(b) CONSULTATION WITH STATE AND LOCAL OFFICIALS REQUIRED.— To assure that legitimate State and local interests are not prejudiced by the proposed economic self-sufficiency plan, the Secretary shall notify and consult with the appropriate officials of the State and all appropriate local governmental officials in the State. The Secretary shall provide complete information on the proposed plan to such officials, including the restrictions on such proposed plan imposed by subsection (c) of this section. During any consultation by the Secretary under this subsection, the Secretary shall provide such information as the Secretary may possess, and shall request comments and additional information on the extent of any State or local service to the tribe.

(c) RESTRICTIONS TO BE CONTAINED IN PLAN.—Any plan developed by the Secretary under subsection (a) of this section shall provide that—

(1) any real property transferred by the tribe or any member to the Secretary shall be taken and held in the name of the United States for the benefit of the tribe;

(2) any real property taken in trust by the Secretary pursuant to such plan shall be subject to—

(A) all legal rights and interests in such land existing at the time of the acquisition of such land by the Secretary, including any lien, mortgage, or previously levied and outstanding State or local tax;

(B) foreclosure or sale in accordance with the laws of the State pursuant to the terms of any valid obligation in existence at the time of the acquisition of such land by the Secretary; and

(3) any real property transferred pursuant to such plan shall be exempt from Federal, State, and local taxation of any kind.

(d) APPENDIX TO PLAN SUBMITTED TO THE CONGRESS.—The Secretary shall append to the plan submitted to the Congress under subsection (a) of this section a detailed statement—

(1) naming each individual and official consulted in accordance with subsection (b) of this section;

(2) summarizing the testimony received by the Secretary pursuant to any such consultation; and

(3) including any written comments or reports submitted to the Secretary by any party named in paragraph (1).

## SEC. 11. SPECIAL CONSIDERATIONS.

25 USC 1300i-10.

(a) ESTATE FOR SMOKERS FAMILY.—The 20 acre land assignment on the Hoopa Valley Reservation made by the Hoopa Area Field Office of the Bureau of Indian Affairs on August 25, 1947, to the Smokers family shall continue in effect and may pass by descent or devise to any blood relative or relatives of one-fourth or more Indian blood of those family members domiciled on the assignment on the date of enactment of this Act.

(b) RANCHERIA MERGER WITH YUROK TRIBE.—If a majority of the adult members of any of the following Rancherias at Resighini, Trinidad, or Big Lagoon, vote to merge with the Yurok Tribe in an election which shall be conducted by the Secretary within ninety days after the date of enactment of this Act, the tribes and reservations of those rancherias so voting shall be extinguished and the lands and members of such reservations shall be part of the Yurok Reservation with the unallotted trust land therein held in trust by the United States for the Yurok Tribe: *Provided, however,* That the existing governing documents and the elected governing bodies of any rancherias voting to merge shall continue in effect until the election of the Interim Council pursuant to section 9. The Secretary shall publish in the Federal Register a notice of the effective date of the merger.

Federal Register, publication.

(c) PRESERVATION OF LEASEHOLD AND ASSIGNMENT RIGHTS OF RANCHERIA RESIDENTS.—Real property on any rancheria that merges with the Yurok Reservation pursuant to subsection (b) that is, on the date of enactment of this Act, held by any individual under a lease shall continue to be governed by the terms of the lease, and any land assignment existing on the date of the enactment of this Act shall continue in effect and may pass by descent or devise to any blood relative or relatives of Indian blood of the assignee.

## SEC. 12. KLAMATH RIVER BASIN FISHERIES TASK FORCE.

(a) IN GENERAL.—Section 4(c) of the Act entitled "An Act to provide for the restoration of the fishery resources in the Klamath River Basin, and for other purposes" (16 U.S.C. 460ss-3) is amended—

(A) in the matter preceding paragraph (1), by striking out "12" and inserting in lieu thereof "14"; and

(B) by inserting at the end thereof the following new paragraphs:

"(11) A representative of the Karuk Tribe, who shall be appointed by the governing body of the Tribe,

"(12) A representative of the Yurok Tribe, who shall be appointed by the Secretary until such time as the Yurok Tribe is organized upon which time the Yurok Tribe shall appoint such representative beginning with the first appointment ordinarily occurring after the Yurok Tribe is organized".

(b) SPECIAL RULE.—The initial term of the representative appointed pursuant to section 4(c) (11) and (12) of such Act (as added by the amendment made by subsection (a)) shall be for that time which is the remainder of the terms of the members of the Task Force then serving. Thereafter, the term of such representatives shall be as provided in section 4(e) of such Act.

16 USC 460ss-3 note.

102 STAT. 2936     PUBLIC LAW 100-580—OCT. 31, 1988

### SEC. 13. TRIBAL TIMBER SALES PROCEEDS USE.

Section 7 of the Act of June 25, 1910 (36 Stat. 857; 25 U.S.C. 407) is amended to read as follows:

"SEC. 7. Under regulations prescribed by the Secretary of the Interior, the timber on unallotted trust land in Indian reservations or on other land held in trust for tribes may be sold in accordance with the principles of sustained-yield management or to convert the land to a more desirable use. After deduction, if any, for administrative expenses under the Act of February 14, 1920 (41 Stat. 415; 25 U.S.C. 413), the proceeds of the sale shall be used—

"(1) as determined by the governing bodies of the tribes concerned and approved by the Secretary, or

"(2) in the absence of such a governing body, as determined by the Secretary for the tribe concerned.".

25 USC 1300i-11.     ### SEC. 14. LIMITATIONS OF ACTIONS; WAIVER OF CLAIMS.

(a) Any claim challenging the partition of the joint reservation pursuant to section 2 or any other provision of this Act as having effected a taking under the fifth amendment of the United States Constitution or as otherwise having provided inadequate compensation shall be brought, pursuant to 28 U.S.C. 1491 or 28 U.S.C. 1505, in the United States Claims Court.

(b)(1) Any such claim by any person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, shall be forever barred if not brought within the later of 210 days from the date of the partition of the joint reservation as provided in section 2 or 120 days after the publication in the Federal Register of the option election date as required by section 6(a)(4).

(2) Any such claim by the Hoopa Valley Tribe shall be barred 180 days after the date of enactment of this Act or such earlier date as may be established by the adoption of a resolution waiving such claims pursuant to section 2(a)(2).

(3) Any such claim by the Yurok Tribe shall be barred 180 days after the general council meeting of the Yurok Tribe as provided in section 9 or such earlier date as may be established by the adoption of a resolution waiving such claims as provided in section 9(d)(2).

Reports.     (c)(1) The Secretary shall prepare and submit to the Congress a report describing the final decision in any claim brought pursuant to subsection (b) against the United States or its officers, agencies, or instrumentalities.

(2) Such report shall be submitted no later than 180 days after the entry of final judgment in such litigation. The report shall include any recommendations of the Secretary for action by Congress, including, but not limited to, any supplemental funding proposals necessary to implement the terms of this Act and any modifications to the resource and management authorities established by this Act. Notwithstanding the provisions of 28 U.S.C. 2517, any judgment

entered against the United States shall not be paid for 180 days after the entry of judgment; and, if the Secretary of the Interior submits a report to Congress pursuant to this section, then payment shall be made no earlier than 120 days after submission of the report.

Approved October 31, 1988.

LEGISLATIVE HISTORY—S. 2723 (H.R. 4469):

HOUSE REPORTS: No. 100-938, Pt. 1, accompanying H.R. 4469 (Comm. on Interior and Insular Affairs).
SENATE REPORTS: No. 100-564 (Select Comm. on Indian Affairs).
CONGRESSIONAL RECORD, Vol. 134 (1988):
    Sept. 30, considered and passed Senate.
    Oct. 3, 4, considered and passed House.